MURPHY CHEMICAL CORPORATION, Plaintiff, v. DANIEL H. McKETRICK, Defendant.

Supreme Court, Trial Term, New York County, June 6, 1945.

*Frederick W. Scholem* for plaintiff.

*Harold L. Fisher* for defendant.

HOFSTADTER, J.   By an agreement in writing, the defendant undertook to pay to the plaintiff the sum of $15,000 in installments; the consideration for this undertaking was the sale to the defendant of certain shares of stock of the Murphy Chemical Corporation.   After several payments, the defendant brought suit to rescind the contract on the ground of fraud and to receive back the moneys paid thereunder; but he failed to succeed in that action.   He did not make any further payments under the agreement, and this action was brought to recover two installments which fell due after the rescission action had been commenced.

The agreement provided that the defendant might " at any time and for any reason whatsoever cease to make any further payments hereunder upon written notice to the Corporation and upon mailing of such notice to the last known address of the corporation ".   The defendant has never mailed or otherwise delivered such notice.   But he now urges that he has no liability to the plaintiff, on two grounds: First, that the suit to rescind constituted notice sufficient to relieve him from responsibility to make further payments; and, second, that in any event, an agreement which is cancelable by the defendant at will cannot be enforced by the plaintiff.

I am not persuaded that the action in rescission can be given the effect of the notice required by the contract.   In that action, the defendant sought not merely to terminate his obligation to make further payments but also to recover back the moneys already paid.   *Non constat* that he might have determined to make the further payments required by the contract upon his failure to recover back the money already paid.   As Judge LEHMAN put it:   " Analogy is incomplete between cases where

a party to a contract asserts a right to rescind for fraud or breach of contract and a case where a party to a contract asserts a right given by contract to limit its life by notice that the contract will terminate at a time fixed by the notice in accordance with the provisions of the contract." (*New York Tel. Co.* v. *Jamestown Tel. Corp.*, 282 N. Y. 365, 372.) Nor is it a defense to this action that the contract cannot be enforced merely because the defendant had a right to cancel. Much learning has been expended on the definition and delimitation of illusory promises. Normally, if a promise is vague and indefinite, or if the promisor is free to perform it or not, as he wills, it is wholly illusory and will not be enforced. But a promise which requires an affirmative cancelation cannot be regarded as illusory whether the cancelation is for cause or otherwise; it is fixed and explicit and subject only to cancelation in a specified way.

There are, however, other considerations which resolve the issue in favor of the defendant. " It is always the duty of a court, in construing a written instrument, if possible, to ascertain the intention of the parties; and in order to determine its proper construction resort must be had to the instrument as a whole, and effect must be given to every clause and part thereof when it can be done without violence." (*Sattler* v. *Hallock*, 160 N. Y. 291, 297–298.)

Scrutiny of the contract sued upon clearly manifests that it was the intention of the parties to permit the defendant to avoid further payments by forfeiting the payments already made. Not only does the contract in express terms authorize him to cancel his obligations by written notice, but the same paragraph goes on to provide that any sums paid prior to such notice shall belong to the plaintiff as liquidated damages. The inclusion of a provision for liquidated damages, by itself would be ample reason for concluding that the parties realized the impossibility of assessing actual damages, or that they had agreed upon a trade whereby actually the damages were to be waived. Moreover, the contract likewise provides: " If McKetrick shall cease to make any further payments hereunder, Lawyers Trust Company shall forthwith deliver to Murphy all of the stock held by it in escrow * * *." Here again, the consequences of the failure of the defendant to make payments are expressed and no reservation of the right to sue for further payments is indicated.

Finally, the language of the contract, in which his right to be relieved from further payments is conferred upon the defendant, is not altogether free from ambiguity. Nothing is said

anywhere in the agreement which would indicate that the notice in question must under all circumstances be given prior to default.

Viewing the contract as a whole, therefore, as 1 am required to do, and considering the circumstances under which it was entered into, I am impelled to hold that the plaintiff has failed to establish any further obligation on the part of the defendant.

Complaint dismissed and judgment for the defendant accordingly.